**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HUMAN DEVELOPMENT ASSOCIATION, Respondent.**

**No. 07–0804.**

United States Court of Appeals, Second Circuit.

April 25, 2008.

David Habenstreit, Supervisory Attorney, Kellie Isbell, Attorney, National Labor Relations Board, with whom Ronald Meisburg, General Counsel, John E. Higgins, Jr., Deputy General Counsel, John H. Ferguson, Associate General Counsel, and Linda Dreeben, Assistant General Counsel, National Labor Relations Board, were on the brief, Washington, DC, for Petitioner.

Arthur Kaufman, Kaufman Dolowich & Voluck, LLP, Woodbury, NY, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. ROBERT D. SACK, Circuit Judges, and Hon. J. GARVAN MURTHA, District Judge.*

**SUMMARY ORDER**

Petitioner NLRB petitions for enforcement of a September 29, 2006 NLRB order affirming the May 31, 2006 order of ALJ Steven Fish, ordering Respondent Human Development Association ("HDA") to reimburse its employees a total of $643,543.18. *Human Development Associ-*

* The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

*ation,* 348 NLRB No. 35 (2006). We assume the parties' and counsel's familiarity with the facts and procedural history of this case.

In opposing NLRB's petition, HDA argues that laches precludes NLRB from ordering reimbursement of the amounts at issue in this case, and that the ALJ should have drawn an adverse inference against NLRB for its failure to call a former employee as a witness.

## I.

We may decline to enforce bargaining orders on the grounds of laches if a long period of time has passed and there is doubt that a union still holds majority support. *See NLRB v. Koenig Iron Works, Inc.,* 856 F.2d 1 (2d Cir.1988). We decline to do so here because the NLRB order seeks the payment of damages to make injured parties whole. Under these circumstances, "delay is no reason to refuse enforcement." *NLRB v. Vanguard Tours, Inc.,* 981 F.2d 62, 68 (2d Cir.1992). Because the order at issue in this case is not a bargaining order but instead seeks to reimburse employees for union dues improperly deducted from their pay, even the 13–year delay in this case is no reason to preclude enforcement of this order.

## II.

The ALJ had sound reasons for electing not to draw an adverse inference from the NLRB's failure to call a former employee, Susan Panepento, as a witness. There is no indication that she possessed evidence adverse to NLRB's case—indeed, the letters in the record authored by or directed to Ms. Panepento suggest the opposite— and HDA itself never sought to depose or subpoena testimony from her. We therefore accept the ALJ's findings of fact. *See*

* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Michael B. Mukasey is automatically substituted

*NLRB v. Windsor Castle Health Care Facilities,* 13 F.3d 619, 623 (2d Cir.1994).

## CONCLUSION

For the foregoing reasons, the order of the NLRB is, in all respects, hereby ENFORCED.